Judge Cabell,
delivered his opinion:
This was an action on the case, brought in the Hustings Court of the city of Richmond, by Miller against Kennedy, on an award. On the trial of the cause, the plaintiff having offered in evidence the submission and award, the defendant moved the Court to exclude the award from going to the jury in evidence, unless the plaintiff could prove that the arbitrator had given notice of the time and place for examining the matters submitted for his decision and arbitration; and there being no evidence of any notice whatever, given by the arbitrator or received by the defendant, the Court excluded the award; to which opinion, the plaintiff excepted. The jury found for the defendant; and the plaintiff appealed to the Superior Court of Law for the county of Henrico, where the judgment was reversed. From that judgment, the defendant appealed to this Court.
The only point in the cause, is that made in the bill of exceptions, viz. the necessity of notice as to the time and place of making the award.
I am not aware of any rule of universal and inflexible application, in relation to this subject. It is highly probable that justice would require, in most cases, that such notice should be given. But it is obvious, that there are many cases in which it would be unnecessary. The case may be one not depending on evidence; or all the facts may have been agreed and made known to the arbitrators.
*7 Bat admitting that notice were necessary,.there is a manifest distinction between awards where the submission has been by the mere act of the parties, and where the act of the parties has been accompanied by the interposition of a Court.
The submission in this case, was of the former kind; and in such cases, it is well established, that in an action On the award, or on a bond for performing the award, the plaintiff cannot be required to prove any thing more than the execution of the award, according to the submission; and that the defendant in such actions cannot avail himself, in his defence, of want of notice, corruption or partiality in the arbitrator, or of any other extrinsic circumstance whatever. The defendant’s only redress in such cases, is a resort to a Court of Equity. 1 Saund. 327, (a) note 3; Kyd on Awards, 226, 227. The want of notice, then, oven if this were a case requiring notice, could not be taken advantage of in this action; and I am for affirming the judgment.
No opinion is given on the other points made in the argument, because it is not thought that they are presented by the case in the record.
The other Judges concurred, and the judgment was affirmed.*

 The President, absent.